IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY WHITEKO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 20-881 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | |
| FAYETTE COUNTY, | ) | Re:  ECF No. 3 |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Jeffrey Whiteko ("Whiteko") brings this federal action against Defendant Fayette County ("the County") for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. (Count I) and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 *et seq.* (Count II).  ECF No. 1.  The County now moves to dismiss both claims under Federal Rule of Civil Procedure 12(b)(6).  ECF No. 3.  For the reasons that follow, the Motion to Dismiss is denied.

I.    FACTUAL BACKGROUND

Whiteko is a 62-year-old male who was employed by the County from 1983 until his termination on January 13, 2020. ECF No. 1 ¶ 9.  As of the time of his termination, he had held the position of chief public defender for the County for twenty years.  Id. ¶ 10.

In September 2018, a shooting took place at a County magistrate courthouse.  Id. ¶ 13. The County claimed that Whiteko was responsible for the shooting because he "over-scheduled" the courthouse on the day that the shooting took place. Id. ¶ 14.  Whiteko avers that the caseload on the day of the shooting was comparable to any ordinary court date and other factors outside of

his control contributed to the incident.  Id. ¶¶ 15 – 16.  Nonetheless, the County reprimanded Whiteko and placed him on an eighteen-month probationary period.  Id. ¶ 17.

In September 2019, one of the public defenders that Whiteko oversaw was late for a court appearance due to another court proceeding running late.  Despite this being an ordinary occurrence due to the logistics of the number of court hearings scheduled and the number of public defenders available, the County reprimanded Whiteko. Id. ¶¶ 18 – 19. He asserts that he was singled out because of his age. Id. ¶ 20.

In October 2019, the County reprimanded Whiteko for not filing appearances in a timely manner.  However, the timing of the appearance made no significant impact on the cases and Whiteko engaged in a routine practice.  Id. ¶¶ 21-22. Whiteko believes that he was disciplined based on his age.  Id. ¶ 23.

Whiteko asserts that the placement on a probationary period and the reprimands were pretext based on his age.  He further asserts that the County treated him less favorably than younger and less experienced employees who were not disciplined for the same conduct.  He states that the County's conduct was part of a pattern and practice based on age discrimination. Id. ¶¶ 24 – 26.

## II.   LEGAL STANDARD

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff.  Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008).  While a complaint does not need detailed factual allegations to survive the motion to dismiss, a complaint must provide more than labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A

"formulaic recitation of the elements of a cause of action will not do." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and sufficient "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.... Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557).

In other words, at the motion to dismiss stage, a plaintiff is required to make "a showing' rather than a blanket assertion of an entitlement to relief." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Id. at 234, quoting Twombly, 550 U.S. at 556 n. 3.

To determine the sufficiency of a complaint, "a court ... must take three steps," that include (1) taking note of the elements a plaintiff must plead to state a claim; (2) identifying allegations that are merely legal conclusions "because they ... are not entitled to the assumption of truth;" and (3) assuming the veracity of all well-pleaded factual allegations and determining "whether they plausibly give rise to an entitlement to relief." Connelly v. Lane Constr. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (quoting Iqbal, 556 U.S. at 675, 679). If the court finds, even after construing the complaint in the light most favorable to the plaintiff, that the plaintiff is not

entitled to relief, the court can dismiss the claim. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

### III.   DISCUSSION

In the pending Motion to Dismiss and Brief in Support, the County argues that Whiteko's claims for age discrimination under that ADEA and PHRA must be dismissed for failure to state a claim. ECF Nos. 3, 4.  At the beginning of the Motion to Dismiss, the County argues that it had a legitimate nondiscriminatory reason for terminating Whiteko – that he had received three reprimands in two years.  ECF No. 3.  In the Brief in Support, the County argues that Whiteko's Complaint should be dismissed because it fails to establish that the County discriminated against him on the basis of age.  ECF No. 4 at 2.  The gist of the County's argument, consisting of a total of two pages of written text, is that Whiteko does not allege that he was qualified for the position of public defender nor that he was replaced by someone sufficiently younger than him. Id. at 4.  The County further argues that Whiteko has not offered any "support of his allegation that his age was an issue or even a factor in the decision to terminate his employment." Id. at 5.

Whiteko opposes the Motion to Dismiss.  In his Brief in Opposition, he argues that he has plainly and sufficiently alleged each of the requisite elements of a prima facie claim of an age discrimination in his Complaint.  ECF No. 11.  Specifically, Whiteko points out that he alleged that: (1) he is 62 years old, ECF No. 1 ¶¶ 5, 24; (2) he was terminated by the County on January 13, 2020, Id. ¶¶ 9, 10; (3) he was qualified for the position as an over 35-year employee with 20 of those years spent as the County's chief public defender, Id.; and (4) he was singled out and disciplined because of his age, and was treated less favorably than younger, less experienced employees who were not subject to discipline for engaging in the same routine practices. Id.

4

¶¶ 20, 23, 25.  In addition, Whiteko asserts that the County's proffered reasons for his termination are pretext.  Id. ¶¶ 24 – 26.

The ADEA prohibits employers from discriminating on the basis of age and declares it "unlawful for an employer to fail or refuse to hire or discharge any individual or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a).

Plaintiff need not establish a prima facie case of discrimination at the motion to dismiss stage, as "[a] prima facie case is an 'evidentiary standard, not a pleading requirement.'" Connelly v. Lane Const. Corp., 809 F.3d at 789.  Rather, Plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." Id.  However, the Court will use the elements of a prima facie claim for ADEA discrimination as a guide for evaluating the claim at this stage.  Dreibelbis v. Cty. of Berks, 19-CV-4946, 2020 WL 605884, at *7 (E.D. Pa. Feb. 7, 2020).

A prima facie case of discrimination under the ADEA requires that a plaintiff show that "(1) the plaintiff is at least forty years old; (2) the plaintiff suffered an adverse employment decision; (3) the plaintiff was qualified for the position in question; and (4) the adverse action occurred under circumstances that create an inference that plaintiff's age was a motivating factor."  Dodson v. Coatesville Hosp. Corp. (3d Cir. 2019) (citing O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 310, 116 S.Ct. 1307 (1996)).[1]

Courts have recognized that even without direct replacement by a younger employee, "the fourth element is satisfied if the plaintiff can provide facts which 'if otherwise unexplained, are more likely than not based on the consideration of impermissible factors.'" Pivirotto v.

---

[1] The parties agree that claims brought under ADEA and PHRA are analyzed under the same standards.  ECF No. 4 at 3, ECF No. 11 at 3.  See Colwell v. Rite Aid Corp. 602 F. 3d 495, 500 n. 3 (3rd Cir. 2010).

5

Innovative Sys., Inc., 191 F.3d 344, 352 (1999). "Or, put differently, a 'showing that the circumstances of the adverse employment action give rise to an inference of age discrimination' can satisfy the fourth element of a prima face case." Howell v. Millersville Univ. of Pa., 283 F. Supp. 3d 309, 325 (E.D. Pa. 2017), aff'd, 749. F. App'x 130 (3d Cir. 2018) (citing Mayk v. Reading Eagle Co., No. Civ. 08-4866, 2010 WL 1141266, at *5 (E.D. Pa. Mar. 24, 2010)).

Upon review, the Court finds that at this early stage of the proceedings, Whiteko has sufficiently alleged each of the requisite elements of a prima facie case of age discrimination under the ADEA and PHRA. Of note, the County concedes that Whiteko has alleged the first and second elements. ECF No. 4 at 4. As to the third and fourth elements, Whiteko has sufficiently alleged that he was qualified for the position of chief public defender and that the discipline occurred under circumstances that create an inference that his age was a motivating factor and younger employees were not disciplined for the same routine practices. As such, dismissal is not warranted.

### IV.    CONCLUSION

For the reasons discussed herein, the Court finds that Whiteko has sufficiently stated claims of age discrimination under the ADEA and PHRA at this stage of the proceedings. Accordingly, Defendant's Motion to Dismiss, ECF No. 3, is DENIED.

Dated:  October 5, 2020                                    BY THE COURT:


                                                           /s/ Maureen P. Kelly
                                                           MAUREEN P. KELLY
                                                           UNITED STATES MAGISTRATE JUDGE


cc: All counsel of record via CM/ECF